UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETE KEFALAS, | Case No. 2:18-cv-01745-GMN-VCF |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN WILLIAMS, et al., | |
| Respondents. | |

**I.     Introduction**

Before the court are respondents' motion to dismiss (ECF No. 5), the initial petition for a writ of habeas corpus (ECF No. 1), the first amended petition for a writ of habeas corpus (ECF No. 13), and the second amended petition for a writ of habeas corpus (ECF No. 14). Although petitioner did not file a response to the motion to dismiss, and although petitioner did not seek leave to amend the petition, the second amended petition addresses and cures the defects that respondents raise in the motion to dismiss. Consequently, the court will deny the motion to dismiss as moot. The court will dismiss one ground of the second amended petition because it lacks merit on its face. Respondents will need to respond to the remaining ground of the second amended petition.

**II.     Background**

After a jury trial in state district court, petitioner was convicted of one count of conspiracy to commit robbery, one count of robbery with the use of a deadly weapon, and one count of burglary while in possession of a deadly weapon. Ex. 58 (ECF No. 7-14). Petitioner appealed. He raised three issues:

> I.  Instances of prosecutorial misconduct that violated the Sixth Amendment.
>
>> A.  The prosecution promised at jury voir dire and in the opening statement that the jury would hear from Toi Minor, but then they never called Minor as a witness.
>>
>> B.  Another person who was present at the robbery testified that Toi Minor told petitioner and his co-conspirators to stop the robbery, that she was aggravated and unable to control her temper, and that she was yelling at petitioner and his co-conspirators.
>>
>> C.  The prosecution elicited testimony from a police officer that Minor had identified at least one, if not all three, suspects involved in this case.
>>
>> D.  The prosecution elicited hearsay testimony from a police officer that, on petitioner's arrest, attending medical personnel did not take petitioner to a hospital for treatment of a seizure because they believed that petitioner was faking the seizure.
>>
>> E.  The same police officer testified that petitioner had implicated himself in other criminal cases.
>>
>> F.  In the closing argument the prosecution argued that Toi Minor had implicated petitioner in the crimes.
>
> II.  Insufficient evidence existed to convict petitioner of the charges.
>
> III.  Cumulative error deprived petitioner his right to a fair trial.

Ex. 74 at 11-20 (ECF No. 7-30 at 19-28). The Nevada Supreme Court affirmed. Ex. 77 (ECF No. 7-33).

Petitioner then filed a post-conviction habeas corpus petition in the state district court. Ex. 81 (ECF No. 7-37). The state district court denied the petition. Ex. 87 (ECF No. 7-43). Petitioner did not appeal the denial of that petition.

**III. Discussion**

**A. The second amended petition moots the motion to dismiss**

Respondents present three arguments in their motion to dismiss. First, petitioner has not exhausted his state-court remedies for some of the grounds in the initial petition (ECF No. 1). Second, two claims in the initial petition are conclusory and must be dismissed. Third, one claim in the initial petition is not addressable in federal habeas corpus because it alleges a violation of state law.

Instead of filing a response, titled as such, to the motion to dismiss, petitioner filed a first amended petition (ECF No. 13) and a second amended petition (ECF No. 14). Petitioner did not seek leave to amend the petition. However, the second amended petition appears to respond to the motion to dismiss by deleting all of the grounds that respondents have argued are not exhausted, are conclusory, or are not addressable in federal habeas corpus.[1] The second amended petition contains two grounds. Ground 1 contains a claim of insufficient evidence and a claim of cumulative error. They match issues II and III that petitioner raised on direct appeal.[2] Ground 2 contains claims of prosecutorial misconduct and a claim of cumulative error. The claims of prosecutorial misconduct are the same as the claims of prosecutorial misconduct that petitioner raised on direct appeal. They also are claims that respondents acknowledged in their motion to dismiss were exhausted. ECF No. 5 at 8.

Because petitioner has done in the second amended petition what the respondents were seeking to achieve in their motion to dismiss, the motion to dismiss has become moot. The Nevada Supreme Court has ruled on the merits of what is now ground 2. Respondents will need to file an answer that addresses ground 2.

**B. Ground 1 of the second amended petition is without merit on its face**

The court has reviewed the second amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In ground 1, petitioner alleges, in full:

---

[1] The court will not consider the first amended petition (ECF No. 13) because the second amended petition (ECF No. 14) supersedes it.

[2] They also are without merit, as the court will explain in the following section.

(1) Kefalas's right to due process was violated due to insufficient evidence presented to convict Kefalas.

(2) Kefalas's right to due process was violated due to cumulative error.

Kefalas respectfully requests the Court to dismiss this case in its entirety or in the alternative reverse and remand for a new trial.

ECF No. 14, at 3.[3] Petitioner does not allege what the evidence was, nor how it was insufficient. The insufficient-evidence claim is too vague for it to have merit. As for the cumulative-error claim, given that there is only one meritless claim of error in ground 1,[4] the cumulative-error claim itself is without merit. The court thus dismisses ground 1.

### C. The court will not appoint counsel

Petitioner has filed two motions for appointment of counsel (ECF No. 15, ECF No. 16). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing ground 2 of the amended petition, the court concludes that appointment of counsel is not warranted.

### IV. Conclusion

IT THEREFORE IS ORDERED that petitioner's motions for appointment of counsel (ECF No. 15, ECF No. 16) are **DENIED**.

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 5) is **DENIED** as moot.

---

[3] Taken in context of the ground, the court construes the request "to dismiss this case in its entirety" as a request to rule that petitioner is implicitly acquitted because the evidence was insufficient to support the conviction.

[4] The court does not consider ground 2 with respect to the cumulative-error claim in ground 1, because ground 2 has its own claim of cumulative error.

4

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer to the second amended petition (ECF No. 14). The answer must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: February 10, 2020

_____
GLORIA M. NAVARRO
United States District Judge